IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DENISE GAIL,  )
             )
     Plaintiff,  )
             )
     v.      ) Case No. 05-cv-721-CNC
             )
WELTMAN, WEINBERG & REIS  )
CO., L.P.A.,  )
             )
     Defendant.  )

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL**

This case has come before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's orders of August 23, 2007, and November 30, 2007.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of January 24, 2007.

1

2. Within ten days of filing the proposed settlement with the Clerk of the Court Defendant complied with the requirements of 28 U.S.C. § 1715.

3. By Orders dated August 23, 2007, and November 30, 2007, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of: all individuals in the State of Wisconsin who, during the period from July 7, 2004 through May 1, 2006:

- a. were sent a letter from Defendant Weltman, Weinberg & Reis Co., L.P.A.;
- b. concerning a debt incurred for personal, family, or household purposes;
- c. regarding an alleged owed to "Fashion Services Corp."; and
- d. whose letter was not returned as undeliverable by the Postal Service.

4. The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of the Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5. On August 23, 2007, and November 30, 2007, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

6. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed payment to the Class, the proposed payment to the Class Representative, the proposed payment to Class Counsel, the method by which they could opt out, and the method by which they could object to the Settlement.

7. As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action against Defendants might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. The Court therefore concludes that the claims, if any, belong to the Class Members, that

3

they were the proper parties for notice, and that all such persons are also bound by this final judgment.

8. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by Defendant to all 771 members of the Settlement Class.

9. No objections were received, and no members of the Settlement Class sought leave of this Court to intervene.

10. No members of the class elected to opt out of this action.

11. The procedures set forth in the Settlement Agreement and the preliminary approval order for opting out or objecting are fair, adequate, and reasonable.

12. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

13. The Settlement Agreement calls for Defendant to pay a total of $7,000.00 to be distributed among those members of the Class who have submitted proof of claim forms.

14. The Court finds that Plaintiff has secured such payment for the benefit of the Class, and she should be compensated for her service to the class by payment to her in the amount of $1,000.00, (that being the maximum amount of her individual claim). Such payments will be made by Defendant in addition to the $7,000 class settlement fund.

4

15. The Court finds that Class Counsel have secured such payments for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorney's fees and expenses in this case in the amount of $7,500.00, which is to be paid by Defendant in addition to the payments to Plaintiff and the Class.

16. Any portion of the class settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 120 days after distribution, or any funds otherwise remaining after the distribution was calculated, shall be paid to Milwaukee Legal Aid Society as a *cy pres* remedy

17. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, (1) the individual Plaintiff and the Class are receiving, and Defendant is paying, an adequate amount of statutory damages in light of the statutory limitations on liability and the nature of the alleged violations; (2) there has been no admission of wrongdoing, and Defendant have not been found to have acted unlawfully; (3) furthermore, the complete lack of any objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement; (4) finally, the fact that the conduct complained of was not likely to have caused any actual damages to any of the Class Members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

18. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

19. Within forty-five (45) days after a judgment by the Court approving the Settlement becomes final, checks representing the distribution described above will be sent by Defendant (or, at Defendant's sole discretion, their designated claims administrator) to those class members entitled to a distribution under the terms of the Settlement.

20. Payment by the Defendant of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

**IT IS THEREFORE, ORDERED THAT:**

  i.    The Settlement Agreement dated January 24, 2007, is hereby approved.

  ii.   For Denise Gail, her heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Weltman, Weinberg & Reis Co., L.P.A. and all of its principals, members, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, sureties, clients, and attorneys from any and all claims, actions, causes of action,

6

demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Denise Gail may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Denise Gail may have against the parties herein released.

  iii. For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Weltman, Weinberg & Reis Co., L.P.A., and all of its principals, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which existed as of May 1, 2006 relating to or arising out of any alleged violations of the FDCPA or any state law that incorporates the FDCPA.

  iv. This order expressly does not release any claims or defenses relating to the underlying debts of Plaintiff or the Class.

  v. Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against Defendant,

arising out of or relating to the released claims. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiff or against any member of the Class arising out of the filing of this action.

 vi. The underlying debts, which Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Plaintiff or the Class Members.

 vii. Defendant shall distribute the settlement funds as described above.

 viii. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

 ix. All claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant are hereby extinguished, discharged, satisfied, barred, and enjoined.

 x. Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

xi. This order resolves all claims against all parties in this action and is a final judgment.

xii. This case is closed.

Signed this 29th day of February, 2008.

                                                         s/ C. N. CLEVERT, JR.
                                                         _____
                                                         HON. CHARLES N. CLEVERT, JR.
                                                         UNITED STATES DISTRICT JUDGE